UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Cassandra Hawkins, et al.

    v.                                    Civil No. 99-cv-143-JD

Commissioner, New Hampshire
Department of
Health and Human Services[1]


O R D E R

The plaintiff class brought suit against the New Hampshire Department of Health and Human Services, alleging that the Department was violating federal Medicaid laws by failing to provide dental care services as required by the Early and Periodic Screening, Diagnosis and Treatment program. The class and the Department settled the suit through a consent decree ("Decree") that was approved by the court and entered on January 26, 2004. Late last year, issues arose between the parties about whether services were being provided as required under the Decree. A mediator was appointed, but mediation was not successful in resolving the parties' dispute.

---

[1] Although the Commissioner of the New Hampshire Department of Health and Human Services is named as the plaintiff, he is sued in his official capacity only, making the Department the defendant. See Surprenant v. Rivas, 424 F.3d 5, 19 (1st Cir. 2005).

The class now moves to enforce the Decree, contending that the Department is not meeting the requirements in Part IV that the Department comply with federal Medicaid laws, and Part VII(F)(2) that the Department add a "data element" to its list of service providers that would identify whether the provider will accept new Medicaid Fee for Service patients.  In response, the Department argues that the requirements in Part IV are too vague to be enforced, that its compliance with Part IV should not be measured by the percentage of children not receiving services, and that it is complying with the requirements of Part VII(F)(2). The class filed a reply, challenging the Department's arguments and assertions of compliance.

## Standard of Review

"A consent decree is a hybrid, consisting of a contractual agreement among the parties to the dispute, as well as a judicial imprimitur enforceable through the contempt power." Whitehouse v. LaRoche, 277 F.3d 568, 577 n.6 (1st Cir. 2002).  "The appropriate vehicle for enforcement of [a] consent decree is an action for contempt brought before the court responsible for the decree." Martel v. Fridovich, 14 F.3d 1, 3 n.4 (1st Cir. 1993); Brewster v. Dukakis, 675 F.2d 1, 3 (1st Cir. 1982).  If a party to a consent decree does not seek enforcement of the decree but

instead asks that the meaning of the decree be clarified by the court's interpretation, that request might also involve injunctive relief "which may be used to protect rights and enforce duties once they have been clarified."  Id.

Ordinarily, consent decrees are construed under principles governing contract interpretation.  United States v. Charter Int'l Oil Co., 83 F.3d 510, 517 (1st Cir. 1996).  When the district court is called upon to enforce a public sector consent decree, however, it has, "'in general, broad discretion in determining such matters as whether the objectives of the decree have been substantially achieved.'"  Quinn v. City of Boston, 325 F.3d 18, 30 (1st Cir. 2003) (quoting Navarro-Ayala v. Hernandez-Colon, 951 F.2d 1325, 1337 (1st Cir. 1991)).  If no discretion is required for the interpretation, then ordinary contract principles apply.  Id.

In this case, the plaintiffs assert that they are seeking enforcement of the consent decree but then deny that they are seeking to have the Department held in contempt.  See Reply at 3. Although they cite cases that generally note consent decrees can be enforced, they do not address the standard of review that should apply here.  In Rufo v. Inmates of Suffolk County Jail, cited by the plaintiffs, the plaintiff moved for modification of the decree pursuant to Federal Rule of Civil Procedure 60(b).

502 U.S. 367, 378 (1992). The Supreme Court noted that a consent decree is enforceable as a judicial decree "that is subject to the rules generally applicable to other judgments and decrees," and held that the plaintiff could seek relief under Rule 60(b) without meeting a heightened standard. Id. at 378-80.

The plaintiffs also cite Frew v. Hawkins, 540 U.S. 431, 440 (2004) for the proposition that consent decrees may be enforced. In Frew, however, the Court was presented with the issue of whether the Eleventh Amendment precludes enforcement of a consent decree by a federal court against state officials. Id. at 433. As such, the decision did not reach the standard of review applicable to enforcement actions.

As the moving party, the plaintiffs bear the burden of showing the basis for their motion and the standard that would apply in deciding it. The plaintiffs' motion lacks clarity. If the plaintiffs are seeking only an interpretation of the Decree, then the standards used to construe a public sector consent decree would apply. If, however, the plaintiffs are seeking to enforce the terms of the Decree through a contempt order or an injunction, then those standards would apply. The Department relied on the contractual rules of interpreting consent decrees and Federal Rule of Civil Procedure 65, pertaining to injunctions.

<u>Conclusion</u>

To avoid making erroneous assumptions about the relief the plaintiffs may be seeking, which would also require applying standards the plaintiffs have not addressed, the court will give the plaintiffs an opportunity to clarify their motion for enforcement.  The plaintiffs shall file a supplemental motion that clearly states the relief they are requesting, the legal grounds for granting such relief, and the appropriate standard of review.  The supplemental motion shall be filed on or before June 1, 2007.  The Department shall then have twenty days to file its response.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

May 16, 2007

cc: Kay E. Drought, Esquire
    Ruth Dorothea Heintz, Esquire
    Andrew B. Livernois, Esquire
    Karen A. Schlitzer, Esquire