```
           UNITED STATES DISTRICT COURT FOR THE
                 DISTRICT OF NEW HAMPSHIRE
```

Cassandra Hawkins, et al.

    v.                              Civil No. 99-cv-143-JD

Commissioner, New Hampshire
Department of Health and Human Services

                         O R D E R

The plaintiff class ("Class") filed a motion to enforce the Consent Decree entered on January 26, 2004, contending that the Department of Health and Human Services is not in compliance with the requirements of Section IV and Section VII(F)(2).[1]  The Department filed an objection, touting the progress that has been made and contesting the grounds for the Class's motion.  Because the Class failed to clearly state the relief requested and failed to provide an applicable standard for considering the motion, the court ordered the Class to file a supplemental motion to address those issues.  The Class has filed a supplemental motion, and the Department has responded.

---

[1] The Commissioner is named as the defendant, in his official capacity, making the Department the actual defendant.  See Surprenant v. Rivas, 424 F.3d 5, 19 (1st Cir. 2005).

Discussion

In the supplemental motion, the Class asks the court to interpret Section IV of the Decree to mean that "the Department's obligation to comply with specified federal Medicaid laws is 1) unqualified and 2) enforceable as a Decree provision." Supp. Mot. at 2. The Class asks the court to declare that the Department is violating federal Early and Periodic Screening, Treatment, and Diagnosis ("EPSDT") laws and to order the Department to provide particular services. The Class also asks the court to declare that the Department is not complying with the requirements of Section VII(F)(2) and asks for an order requiring the Department to take specific actions. The Department objects to the Class's motion.

A.   Interpretation of the Decree

In general, consent decrees are construed using the principles of contract interpretation. United States v. Charter Int'l Oil Co., 83 F.3d 510, 517 (1st Cir. 1996). Although the court is afforded discretion "to secure complex legal goals" in enforcing public law consent decrees, a question about the parties' original intent in entering the decree is resolved under ordinary contract principles. Navarro-Ayala v. Hernandez-Colon, 951 F.2d 1325, 1338-39 (1st Cir. 1991). Therefore, when the

scope of the parties' original agreement is at issue, principles of contract interpretation apply.  Quinn v. City of Boston, 325 F.3d 18, 30 (1st Cir. 2003).

Interpretation of a consent decree begins with the disputed language or provision.  Charter Int'l, 83 F.3d at 517.  The disputed parts are "read in the context of the decree as a whole."  Id.  If the disputed terms are ambiguous, the court may consider, in appropriate circumstances, extrinsic evidence to ascertain the parties' intent.  Id. at 519 (citing Navarro-Ayala, 951 F.2d at 1343).

1. Section IV

Section IV of the Decree is titled "Compliance with federal law" and provides:  "Subject to any changes in federal law or regulation, the Department shall comply with the provisions of federal law including but not limited to: [lists specific Medicaid statutes and regulations].  Nothing in this Decree shall be construed to in any way diminish or modify the Defendant's obligations under federal law."  The Class asks the court to interpret Section IV to impose an "unqualified" obligation on the Department to comply with federal Medicaid laws and to declare that the section is enforceable.  The Department responds that a

promise to comply with federal law is too amorphous to be enforceable.

Section IV is plain and means what it says.  The Department agreed to comply fully with federal EPSDT Medicaid laws.  The EPSDT laws are not too vague to be enforced, as the Department argues.  See, e.g., Bryson v. Shumway, 308 F.3d 79, 89 (1st Cir. 2002).  Whether Section IV is enforceable depends upon the circumstances and the remedy or relief that is sought.

2. Section VII(F)(2)

Section VII(F)(2) requires the Department to add a "data element to the Medicaid Fee For Service Provider File . . . [that] shall identify whether the dental provider's practice is known by the Department to be open or closed to new Medicaid Fee For Service patients.  The data element shall contain reasonably current information."  The section also requires a protocol for updating.  The Class asserts that the Department is not complying with the requirements of Section VII(F)(2) but does not seek an interpretation or clarification of that section.

In response, the Department represented that it had hired a new staff member to maintain the provider network.  Recently, however, the Department acknowledged that the new staff member was not satisfactory and had resigned.  The Department now

4

represents that it expects to hire a replacement who will maintain the provider network on a regular basis.

Neither party requests an interpretation of Section VII(F)(2), although the Class suggests a particular interpretation of the section in its requested remedial orders. Because neither party moves for an interpretation of the section, however, none is undertaken.

B.  Remedy

The Class asks the court to order the Department to provide dental examinations and follow-up treatment to all class members "whose parents do not affirmatively refuse such services" and "to refer class members to particular dentists only if the Defendant has confirmed, within at most thirty days prior to the referral date, that such dentist has openings for new Medicaid patients with the characteristics (age, geographical location) of the child in need of services." The Class contends that a contempt order is not necessary. Instead, the class argues that the court's "ongoing authority to enforce a decree which it has entered, as well as its authority to enter remedial orders to address consent decree violations" and the enforcement provision in the Decree allows the remedies it requests.

As stated in the previous order, generally the court's ongoing authority to enforce its orders is accomplished through the contempt power.  See  Whitehouse v. LaRoche, 227 F.3d 568, 577 n.6 (1st Cir. 2002); Martel v. Fridovich, 14 F.3d 1, 3 n.4 (1st Cir. 1993); Brewster v. Dukakis, 675 F.2d 1, 3 (1st Cir. 1982).  The court also has a limited injunctive power to enforce consent decrees when "unusual and possibly unforeseen circumstances have required interpretation of the decree, some relief or enforcement may be in order, and yet the clarity of obligation necessary for enforcement through contempt has not yet been established."  Id. at 4.

The Class rejects the contempt remedy and, therefore, provides no argument for such relief.  The Class is mistaken that the enforcement provision in the Decree, Section XII(B), provides a remedy for disputes.  Instead, that section requires the parties to engage in good faith efforts to resolve their differences before asking the court to intervene.  They agreed that if the good faith and best efforts requirements are satisfied, a dissatisfied party may ask the court to resolve the dispute, which request could include seeking an order requiring the Department to take certain actions "designed to achieve compliance with this Decree and federal law."  In other words, Section XII(B) allows the parties to seek a contempt order or, in

appropriate circumstances, an injunction, after they have complied with the preliminary dispute resolution requirements.

The Class alternatively suggests that its request for a remedial order could be considered as a request for an injunction.  Injunctive relief to enforce a consent decree, however, is available only if there are "unusual and possibly unforeseen circumstances" that require a remedy other than contempt.  Brewster, 675 F.2d at 4.  The Class makes no effort to show unusual and possibly unforeseen circumstances in this case. Therefore, in the absence of an appropriately supported request for a remedy, no relief can be granted at this time.

The Department appears to acknowledge difficulty in maintaining a current list of available providers of dental services as it is required to do under Section VII(F)(2).  To avoid needless additional expense, the court urges the Department to keep the Class counsel informed as to its progress or lack of progress in meeting those requirements.  Unreasonable expectations, delaying tactics, and recalcitrance by the parties in this case are not in the best interests of the children in need of dental services.  Therefore, counsel are directed to again use their best efforts to resolve the dispute that led to the Class's motions.

Conclusion

For the foregoing reasons, the plaintiff's motion to enforce the consent decree (document no. 1407) and the supplemental motion (document no. 1415) are denied without prejudice to file a properly supported motion for appropriate relief.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

August 13, 2007

cc: Kenneth J. Barnes, Esquire
 Kay E. Drought, Esquire
 Ruth Dorothea Heintz, Esquire
 Andrew B. Livernois, Esquire
 Karen A. Schlitzer, Esquire
 Michael A. Delaney, Esquire