```
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

Cassandra Hawkins, et al.

    v.                              Civil No. 99-cv-143-JD
                                    Opinion No. 2010 DNH 085

Commissioner, New Hampshire
Department of Health and
Human Services


                            O R D E R

    The plaintiff class ("Class") moves to require the New Hampshire Department of Health and Human Services ("Department") to show cause why it should not be held in contempt of court for failing to comply with certain requirements of the parties' Consent Decree.  In a separate motion, the Class seeks a modification of the Consent Decree to extend its duration for three years.  The Department objects to both motions.

    In anticipation of factual disputes with the Department, the Class asked the court for permission "to present additional cumulative factual support for the relief requested" at a hearing.  The Department states that the Class must first meet its prima facie burden of proof to support its request for a show cause order.  Because <u>cumulative</u> factual support would not be helpful in deciding the motion, the Class's request for an evidentiary hearing is denied.

Background

The background of this litigation has been provided in detail in prior orders and will not be repeated here. In summary, the Class sought to force the Department to comply with the federal EPSDT Medicaid laws pertaining to dental services for children.[1] The parties agreed to a Consent Decree, which was entered as a court order on January 26, 2004, and they have subsequently had several disputes about the Department's compliance with the Decree.

Under the terms of the Decree, as modified by the parties on January 8, 2009, the court had jurisdiction over the action for five years and six months from January 26, 2004, until approximately July 26, 2009. After that date, the court retained jurisdiction for an additional six months to determine whether the Department complied with the Decree during the past five and one half years. Therefore, the court's jurisdiction to determine compliance with the Decree has ended.[2]

---

[1] One requirement of the Medicaid laws is that every participating state must have an Early and Periodic Screening, Diagnosis, and Treatment (EPSDT) program." Frew v. Hawkins, 540 U.S. 431, 433 (2004) (internal citation omitted). The EPSDT program includes dental services. Rosie D. v. Swift, 310 F.3d 230, 232 (1st Cir. 2002).

[2] The Class filed its motion seeking a contempt order and its motion to modify the Decree on January 22, 2010, days before the court's jurisdiction ended.

In an order issued on July 10, 2008, the court concluded that the Class had not met the standard for showing that the Department should be held in contempt for failing to comply with the Decree due to a lack of accurate provider information, a lack of timely dental care for eligible children, and a lack of orthodontic services in New Hampshire's northern counties.  The court interpreted several phrases used in the Decree and put the Department on notice that it was required to update its list of dental services providers every ninety days, that the evidence suggested that the Department was failing to provide screening services, and that the lack of orthodontic services could violate the Decree.  The same issues are raised in the pending motion for contempt.

## Discussion

The Class contends that the Department has not complied and is not complying with the Decree provision, Section IV, which requires the Department to comply with federal law, the EPSDT provisions of the Medicaid laws.  In particular, the Class contends that from 2004 to 2008, the Department failed to effectively inform patients as to which dentists had openings for new Medicaid patients and that it continues to violate that requirement by failing to gather information from dentists about

the number of openings for Medicaid patients in their practices. The Class also contends that the Department is failing to provide timely dental services and is failing to provide orthodontic services on a statewide basis.

I.  Contempt

As the court stated in the previous order, to prove civil contempt, a plaintiff bears the burden of showing that (1) the defendant had notice of the order, (2) "the order was clear and unambiguous," (3) the defendant "had the ability to comply with the order," and (4) the defendant violated the order.  United States v. Saccoccia, 433 F.3d 19, 27 (1st Cir. 2005) (internal quotation marks omitted).  To the extent the determination of any of the four elements for proving contempt raises a factual issue, the plaintiff must present clear and convincing evidence to succeed.  Id.  Clear and convincing evidence is an intermediate standard between the beyond-a-reasonable-doubt standard and the preponderance standard.  United States v. Brand, 80 F.3d 560, 566 (1st Cir. 1996).

The defendant may avoid a contempt order by showing changed circumstances so that compliance with the order is now impossible.  United States v. Rylander, 460 U.S. 752, 757 (1983). A defendant may also avoid contempt by showing that its "diligent

efforts result[ed] in substantial compliance with the underlying order." AccuSoft Corp. v. Palo, 237 F.3d 31, 47 (1st Cir. 2001). The defendant bears the burden of proving either defense. See Rylander, 460 U.S. at 757. "[D]istrict courts enforcing public law consent decrees have, in general, broad discretion in determining such matters as whether the objectives of the decree have been substantially achieved." Quinn v. City of Boston, 325 F.3d 18, 30 (1st Cir. 2003).

In this case, the parties' dispute focuses on whether the Department is violating the terms of the Consent Decree.

A.  Duty to Inform Class about EPSDT Dental Services

The Consent Decree requires the Department to comply with federal law. Decree, § IV. Under Medicaid, the Department must inform eligible persons "of the availability of early and periodic screening, diagnostic, and treatment services." 42 U.S.C. § 1396a(a)(43)(A). An implementing regulation requires the Department to "effectively" inform the Class about the EPSDT program. 42 C.F.R. § 441.56(a). See Westside Mothers v. Olszewski, 545 F.3d 532, 543-44 (6th Cir. 2006). Dental services are included in the coverage required by § 1396a. 42 U.S.C. § 1396d(r)(3).

Section VII(F)(2) of the Decree required the Department to add a new data element to its provider file that would identify whether a dentist's office is open or closed to new Medicaid patients. The Department was also required to implement a system to update the data element in order to provide "reasonably current information" to Class members. The court previously construed that section of the Decree to require the Department to update its dental provider information on at least a quarterly basis each year during the term of the Decree.

The Department recognizes that it has a duty under federal law to inform Class members about the availability of EPSDT services and contends that it has complied with that requirement. The Class asserts that the Department failed to comply with the information requirement in the past, between 2004 and 2008, and that the Department is currently in violation of that requirement because it does not inform Class members about the number of Medicaid openings at each dentist's office.

1.  Past Deficiencies

The Class seeks a contempt order, based in part on its contention that the Department has not complied with the Decree in the past. The Department objects, contending that it has

complied with the Decree and that civil contempt cannot be based on past violations.

Generally, civil contempt addresses present or future compliance rather than punitive sanctions for past noncompliance, which are the subject of criminal contempt.  See, e.g., <u>Salazar ex rel. Salazar v. Dist. of Columbia</u>, --- F.3d ---, 2010 WL 1405885, at *8 (D.C. Cir. Apr. 9, 2010); <u>In re Kave</u>, 760 F.3d 343, 351 (1st Cir. 1985); <u>Fortin v. Comm'r of Mass. Dep't of Public Welfare</u>, 692 F.2d 790, 794 (1st Cir. 1982); <u>United States v. Prof. Air Traffic Controllers Org.</u>, 678 F.2d 1, 4 (1st Cir. 1982).  Remedial civil contempt compensates a victim of noncompliance with a court order for the consequences of the noncompliant conduct.  See <u>In re Bradley</u>, 588 F.3d 254, 263-64 (5th Cir. 2009).

The Class is not seeking compensation for its members who were harmed by past noncompliance with the Decree.  To the extent the Class is seeking a contempt order based on the Department's past noncompliance, it has not shown a basis for the requested relief.

2.  <u>Current Compliance</u>

The Class also contends that the Department is not currently complying with the Decree, and the federal law requirements

incorporated into the Decree, because the Department does not inquire of dental providers as to the number of openings available for new Medicaid patients.  The Class has not cited a statutory provision or a section of the Decree that requires the Department to provide information about the number of openings for new Medicaid patients in dental providers' practices. Instead, the Class appears to construe the requirement that the Department must effectively inform the Class about EPSDT services to require that the numbers of openings must be included in that information.

In support, the Class cites Rosie D., 410 F. Supp. 2d at 27, where the court construed § 1396a(a)(43) and its implementing regulations and concluded that out-of-date or inaccurate information does not meet the statutory requirement for effective information about dental services.  Id.  The Class argues that due to the lack of information about the number of Medicaid openings in each office, the Department refers Class members to dental providers who do not have an available opening.  As a result, the Class contends, a referral to a dental provider who has had openings for new Medicaid patients but who does not at the time of the referral have openings constitutes out-of-date or inaccurate information.

Under the terms of the Decree and federal law, the Department is required to update its data about providers of dental services on a quarterly basis, that is, every ninety days. If the Department asked for the number of Medicaid openings in each office as part of its quarterly update, as the Class suggests, it would then rely on the same information for the three-month period until the next update. In the interim between the Department's inquiry and the time of a referral, the Medicaid openings in a dental provider's office may be filled or new openings may become available. Therefore, even if the Department gathered information about the number of Medicaid openings in each provider's practice, that information likely would become out-of-date and inaccurate during the ninety days before the next update. As such, the Class has not demonstrated that if the Department gathered the numbers information, the Department's referral information would be more accurate and up-to-date.

Neither federal law nor the Decree requires the Department to obtain information about the number of Medicaid openings in each dental provider's office. Because that information is not required, the Department's failure to obtain it is not a violation of the Decree.

B. <u>Timely Services</u>

The Department is required to provide medical assistance "with reasonable promptness to all eligible individuals."[3] 42 U.S.C. § 1396a(a)(8). Section 1396a(a)(8), with its implementing regulations, requires the Department to provide prompt EPSDT services at least within six months after a request for services. <u>Rosie D.</u>, 410 F. Supp. 2d at 27. That requirement is not fulfilled by providing other services. <u>Id.</u> at 28.

Under the Decree, the Department must arrange for dental screenings on a six-month schedule and must use its best efforts "to ensure that a <u>Class Member</u>, age three or older, who contacts the Department's Medicaid Client Services to request a dental

---

[3]Other courts have construed "medical assistance" in § 1396a(a)(8) to mean financial assistance for medical services, so that the "reasonable promptness" requirement applies to eligibility determinations and payments rather than providing medical services. <u>See</u> <u>Equal Access for El Paso, Inc. v. Hawkins</u>, 562 F.3d 724, 728-29 (5th Cir. 2009); <u>Brown v. Tenn. Dep't of Finance & Admin.</u>, 561 F.3d 542, 544-45 (6th Cir. 2009); <u>Doe v. Kidd</u>, 501 F.3d 348, 355-56 (4th Cir. 2007). The First Circuit has not limited the "reasonable promptness" requirement in § 1396a(a)(8) to payments and eligibility determinations. <u>See</u> <u>Bryson v. Shumway</u>, 308 F.3d 79, 88-89 (1st Cir. 2002); <u>see also</u> <u>Bruggeman ex rel. Bruggeman v. Blagojevich</u>, 324 F.3d 906, 910 (7th Cir. 2003) (noting that the First Circuit "missed" the distinction between medical services and payment in § 1396a(a)(8)). The parties have not advanced that interpretation of the statute in this case. <u>See</u> Order, July 10, 2008, at 13 n.5.

10

screening, receives a dental screening from a dental provider within ninety (90) days of the initial request for such service." § VII(B). For children younger than three, dental screening is to be done by the child's primary care provider, unless the primary care provider refers a child for a dental screening. §§ VII(B)(1) & (2).

To comply with the Medicaid requirements and the Decree, the Department notifies Class member families every six months that their child or children are due for an examination. Despite the notifications, many eligible children in the state have not received routine dental examinations and other services to which they are entitled. The Class contends that the Department's failure to provide services to all eligible children, or at least to a higher percentage of them than currently exists, constitutes a violation of the Decree.[4]

---

[4] In its reply, the Class contends that the Department's administrative procedures cause an unreasonable delay in providing services because the Department does not provide the numbers of Medicaid openings at each dental provider's office and has not recruited additional dental providers for Medicaid patients. In support, the Class cites several pages of answers to a question about difficulty getting a dental appointment for a child, which was part of the "NH Children Dental Assessment Survey," March 2008. The survey summary, however, shows that only 14% of the Medicaid participants indicated that they had had difficulty getting a dental appointment. While any difficulty in getting a dental appointment is regrettable, the statistical evidence cited by the Class, without additional detail about the

The Department argues that the "reasonable promptness" requirement is activated only after services are requested. The Class did not counter the Department's interpretation of the Decree, arguing instead that the number of unserved Class members demonstrates a lack of reasonable promptness in providing services.

Under the Decree, the Department's obligation to provide services with reasonable promptness pertains to a Class member "who contacts the Department's Medicaid Client Services Unit to request a dental screening." § VII (B). After the Department is contacted, the requested service must be provided within ninety days of the contact. Id. Therefore, the reasonable promptness requirement is measured from the time a Class member contacts the Department to request services.

Because of that limitation on the promptness requirement, the Department reasons that statistics about how many eligible children are receiving services do not show that services are not being provided with "reasonable promptness." Alternatively, the Department contends that even if the "reasonable promptness" requirement is not limited to providing services after they are requested, the percentage of eligible children receiving services

---

extent of the difficulties encountered, does not show an unreasonable delay in providing services.

does not show that services are not being provided with reasonable promptness.

In the July 10, 2008, order, the court concluded that the Department's report showing that a large percentage of eligible children were not receiving dental screenings provided evidence that the Department was not providing services in a timely manner. The court further noted that the statistics of poor results put the Department on notice that its procedures were not working and needed improvement. Nevertheless, the statistical evidence of children not receiving dental services was insufficient to provide the clear and convincing evidence necessary to support the Class's motion for a show cause order.[5]

The new statistical evidence provided for purposes of opposing the Class's pending motion shows improvement in the Department's efforts and an increase in the number of Class

---

[5] In the June 10, 2008, order, the court noted that the Department was then taking "an overly narrow view of its obligations under the Medicaid laws." In response to the Class's motion here, the Department provided evidence of its current outreach and follow-up efforts that have resulted in improvement in the numbers of Class members receiving EPSDT services. The Class responds that a large number of its members still are not receiving services and asserts that the Department administers its Medicaid program in a way that hinders reasonably prompt services. Although the debate suggests the contrasting views of whether the glass is half full or half empty, the evidence generally supports the Department's view that progress is being made.

members receiving services.  The Class acknowledges the improvement but argues that some improvement is not sufficient to show compliance.

Based on the plain meaning of Section VII(b), the "reasonable promptness" requirement for screenings is triggered by a request made by a Class member and does not exist until a request is made.  Therefore, statistics about how many children have received dental services, without detail about how many contacted the Department for screenings and the time taken to provide screenings, may provide some evidence of a lack of reasonable promptness but does not provide clear and convincing evidence of noncompliance.  The survey results cited by the Class in support of its reply tend to indicate that the Department is providing the services covered by the survey with reasonable promptness.  The Class bears the burden of showing by clear and convincing evidence that the Department is not complying with the reasonable promptness requirement, and it has not sustained its burden.

### C. Orthodontic Services

Under Medicaid, the Department must provide a state plan for medical assistance that is "in effect in all political subdivisions of the State."  42 U.S.C. § 1396a(a)(1).

Implementing regulations provide additional requirements, including that a state plan must "be in operation statewide through a system of local offices, under equitable standards for assistance and administration that are mandatory throughout the State."  42 C.F.R. § 431.50(b)(1).  The statewide provision in Section 1396a(a)(1) does not require identical convenience of service throughout the state and does not require that services be provided within a certain traveling distance.  Bruggeman, 324 F.3d at 910-11.

The Class contends that the Department is not complying with the statewide requirement for orthodontic services because the Department refers Class members who live in New Hampshire's northernmost counties to orthodontists in other counties, which requires significant travel time.  The Department objects and explains its efforts to find orthodontists in Carroll and Coos Counties who will accept Medicaid patients and states that such orthodontists are now available in all counties.  The Department also notes that it is not required to provide all dental services within each county in the state.  In response, the Class contends that its members are still referred to distant orthodontists, that its members object to the required travel distances, and that the Department fails to document whether Class members ever receive orthodontic services.

Neither federal law nor the Decree require the Department to provide orthodontic services to Class members in every county in the state.  The Class does not dispute that the Department refers its members to orthodontists for services and that the Department has found orthodontic service providers in all New Hampshire counties.  Although the travel necessary for Class members who are referred to distant orthodontists is no doubt inconvenient, federal law does not require the Department to provide services within a certain driving distance.  In addition, the Class cites no federal law or section of the Decree that requires the Department to document whether Class members who are referred for orthodontic services receive them.

Therefore, the Class has not shown that the Department is violating the Decree in the way it provides access to orthodontic services.

   D.   Summary

To meet its burden for contempt, the Class was required to establish, by clear and convincing evidence, that the Department had notice of the Decree, that the Decree is clear and unambiguous, that the Department had the ability to comply with the Decree's requirements, and that the Department is violating the Decree.  The Class failed to carry its burden to show that

the Department is violating the Decree.  Therefore, grounds do not exist to support civil contempt.

II.  Modification and Extension of the Consent Decree

The Decree includes a provision for modification "[i]n the event that the actions taken hereunder are not effective in meeting and maintaining the requirements of federal law . . . ." § I.  The Class asks the court to modify the Consent Decree by extending its duration, arguing that the Department agreed to comply fully with federal law and has failed to do so.  The Class also asks that the Department be ordered to prepare a remedial plan that would address the Department's violations of federal law and to impose an injunction requiring the Department to comply with its obligations under Medicaid.  The Department denies that it is violating the terms of the Decree or the Medicaid laws and objects to the motion to modify the Decree.

For the reasons explained above, the Class did not meet its burden of establishing that the Department is violating the terms of the Decree or Medicaid laws, a requirement for civil contempt. The Class does not argue that a standard other than the clear and convincing evidence standard, applicable to motions for contempt, should apply to determining whether the Decree should be

modified. To the extent that the Class seeks a more strict standard of compliance with the Decree and Medicaid laws for purposes of its motion to modify and extend the Decree, the Class has not shown that standard applies or that the Department is not in full compliance with the Decree and Medicaid laws. Therefore, the Class has not established grounds to modify and extend the Decree.

## Conclusion

For the foregoing reasons, the plaintiffs' motion to show cause why the defendant should not be held in contempt (document no. 1437)and motion to modify the Consent Decree (document no. 1438)are denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

May 19, 2010

cc: Kay E. Drought, Esquire
    Ruth Dorothea Heintz, Esquire
    Danielle Leah Pacik, Esquire
    Nancy J. Smith, Esquire
    Rebecca L. Woodard, Esquire